**United States District Court**
**Western District of Texas**
**Austin Division**

| | | |
|---|---|---|
| **SourceProse Corporation** | § | |
| | § | Civil Action No: 1:16-CV-00516 |
| v. | § | |
| | § | |
| **RPX Corporation** | § | |

_____

**RPX's Original Answer and Affirmative Defenses**

_____

Defendant RPX files its Original Answer and Affirmative Defenses as follows:

## I.      Answer to SourceProse's Original Complaint

RPX admits the first sentence of SourceProse's complaint.

1.      RPX admits that SourceProse alleges that it brought this action under Texas law and that it seeks damages for breach of contract or promissory estoppel. RPX denies that it violated Texas law, breached a contract, or is liable under a theory of promissory estoppel. RPX further denies all remaining allegations of paragraph 1.

2.      The allegations contained in paragraph 2 are legal conclusions and therefore no answer is required.

3.      The allegations contained in paragraph 3 are legal conclusions and therefore no answer is required.

4.      The allegations contained in paragraph 4 are legal conclusions and therefore no answer is required. RPX, however, denies that it caused damages to SourceProse by breaching a contract.

5.      RPX lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

6.      RPX admits the allegations contained in paragraph 6.

7.      RPX lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 and its subparts "a – i."

8.      RPX admits the allegations contained in paragraph 8.

9.      RPX lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

10.     RPX's client list is confidential and proprietary information. In order to protect the confidential and proprietary nature of its client list, RPX denies the allegations contained in paragraph 10 regarding RPX's alleged members. RPX will provide additional information regarding its clients once an appropriate protective order is entered. RPX lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 10.

11.     RPX admits that Ryan Elliott contacted Matthew Prebeg on or about February 25, 2015, to discuss a potential resolution of certain claims against RPX members. RPX denies the remaining allegations of paragraph 11.

12.     RPX admits that SourceProse and RPX entered into a Nondisclosure Agreement on or about March 5, 2015. RPX denies the remaining allegations of paragraph 12.

13.     RPX admits that SourceProse and RPX representatives met on or about April 13, 2015, to discuss a potential resolution of certain claims against RPX members among other topics. RPX denies the remaining allegations of paragraph 13.

14.     RPX denies the allegations contained in paragraph 14.

15.     RPX denies the allegations contained in paragraph 15.

16.     RPX denies the allegations contained in paragraph 16.

17.    RPX denies the allegations contained in paragraph 17.

18.    RPX denies the allegations contained in paragraph 18.

19.    RPX denies the allegations contained in paragraph 19.

20.    RPX admits that Faucett and Elliott spoke via telephone on May 8, 2015. RPX lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 regarding the timing of the phone call. RPX denies the remaining allegations contained in paragraph 20.

21.    RPX denies that it made an offer to SourceProse. RPX lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 21.

22.    RPX admits that Faucett and Elliott spoke via telephone on May 8, 2015. RPX lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 regarding the timing of the phone call. RPX denies the remaining allegations contained in paragraph 22.

23.    RPX denies the allegations contained in paragraph 23.

24.    RPX admits that Faucett and Elliott spoke via telephone on May 8, 2015. RPX lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 regarding the timing of the phone call. RPX denies the remaining allegations contained in paragraph 24.

25.    RPX denies the allegations contained in paragraph 25.

26.    RPX denies the allegations contained in paragraph 26.

27.    RPX admits that Faucett and Elliott exchanged text message on or about May 11, 2015. RPX lacks knowledge or information sufficient to form a belief about the truth of the

allegations contained in paragraph 27 regarding the timing of the text messages. RPX denies the remaining allegations contained in paragraph 27.

28. RPX admits that Faucett and Elliott spoke via telephone on May 11, 2015. RPX lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 regarding the timing of the phone call. RPX denies the remaining allegations contained in paragraph 28.

29. RPX admits that Faucett sent an email to Elliott on or about May 12, 2015. RPX denies the remaining allegations contained in paragraph 29.

30. RPX admits that Faucett and Elliott spoke via telephone on May 12, 2015. RPX denies the remaining allegations contained in paragraph 30.

31. RPX denies the allegations contained in paragraph 31.

32. RPX admits that Faucett sent an email to Elliott on or about May 14, 2015. RPX denies the remaining allegations contained in paragraph 32.

33. RPX admits that Elliott sent Faucett an email on or about May 14, 2015. RPX denies the remaining allegations contained in paragraph 33.

34. RPX denies the allegations contained in paragraph 34.

35. RPX denies the allegations contained in paragraph 35.

36. RPX incorporates by reference its prior responses and denies the allegations contained in paragraph 36.

37. RPX denies the allegations contained in paragraph 37.

38. RPX denies the allegations contained in paragraph 38.

39. RPX incorporates by reference its prior responses and denies the allegations contained in paragraph 39.

4

40.     RPX denies the allegations contained in paragraph 40.

41.     RPX denies the allegations contained in paragraph 41.

42.     RPX denies the allegations contained in paragraph 42.

43.     RPX denies the allegations contained in paragraph 43.

44.     RPX incorporates by reference its prior responses and denies the allegations contained in paragraph 44.

45.     RPX denies the allegations contained in paragraph 45.

46.     RPX denies the allegations contained in paragraph 46.

47.     RPX denies the allegations contained in paragraph 47.

48.     RPX denies the allegations contained in paragraph 48.

RPX denies that SourceProse is entitled to any of the relief requested in his prayer.

## II.     Affirmative Defenses

49.     RPX denies that it is liable for breach of the alleged "Sale/Settlement Agreement" due to the statute of frauds.

50.     RPX denies that it is liable for breach of the alleged "Sale/Settlement Agreement" because SourceProse failed to mitigate its alleged damages.

51.     RPX denies that venue is convenient in the Western District of Texas because the parties consented to mandatory venue in the Northern District of California.

Respectfully submitted,

**DUGGINS WREN MANN & ROMERO, LLP**
600 Congress | Ste. 1900 | Austin, TX 78701
T: 512.744.9300 | F: 512.744.9399

By:     */s/ William P. Johnson*

William P. Johnson | SBN: 24002367
bjohnson@dwmrlaw.com
Adrian Ciechanowicz | SBN: 24045659
aciechanowicz@dwmrlaw.com

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2016, I electronically filed the foregoing document with the Clerk of the Court for the Western District of Texas, Austin Division, using the CM/ECF system which will send notice of the electronic filing to the following CM/ECF participant:

William B. Federman
FEDERMAN & SHERWOOD
2926 Maple Avenue, Suite 200
Dallas, Texas 75201
wbf@federmanlaw.com

 */s/ William P. Johnson*
William P. Johnson